1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS DAJON MILLER, | **Case No.  1:17-cv-00692-JLT (PC)** |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| v. | **(Doc. 17)** |
| SERDA, et al., | |
| Defendants. | **ORDER DIRECTING CLERK'S OFFICE TO CLOSE CASE** |

Plaintiff alleges that Health Care Appeals Office staff, S. Serda, and Deputy Director J. Lewis violated his rights in their handling and processing of a health care appeal in which he sought a second x-ray of his ribs and exam by an outside physician.  These allegations are not cognizable under 42 U.S.C. § 1983 as a violation of Plaintiff's federal rights.  Thus, the action is **DISMISSED** with prejudice.

      A.     <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

1

1   § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed

2   per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed

3   as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has

4   not alleged imminent danger of serious physical injury does not qualify to proceed *in forma*

5   *pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

6            **B.       Summary of Allegations**

7            Plaintiff alleges that on August 31, 2016, he went to get an x-ray of his right ribcage.

8   Afterward, the physician did not show him the x-ray and did not respond when Plaintiff asked if

9   any of his ribs were broken.[1]  On September 11, 2016, Plaintiff submitted a health care appeal

10  indicating that he believed he had two broken ribs and loss of memory.  Plaintiff was interviewed

11  about his health care appeal by non-defendant Dr. Beregovskaya who told Plaintiff that he did not

12  have any broken ribs or punctured lung.  Plaintiff stated that he knew his rib-cage was broken

13  because it hurt real bad and he was in a lot of pain and unable to sleep at night.  The first level

14  review issued on October 18, 2016 and was partially granted on another issue.  On October 24,

15  2016, Plaintiff submitted it for second level review which was rejected by S. Serda on October

16  26, 2016 who indicated that Plaintiff could request a second x-ray on another health care appeal.

17  Plaintiff did, but S. Serda denied it at the first level indicating that it was duplicative of Plaintiff's

18  first health care appeal, and advising that Plaintiff could submit his first health care appeal for

19  second level review -- which she had already rejected.  Plaintiff thereafter attempted to pursue his

20  first health care appeal to the third level, but it was rejected on the basis that Plaintiff attempted to

21  bypass the second level, but Plaintiff had not -- S. Serda rejected his first health care appeal at the

22  second level on October 26, 2016.  Plaintiff wrote to the "Inmate Correspondence Appeals

23  Branch" who responded that Plaintiff could return his first health care appeal to the second level

24  and it "would be accepted for continuous processing," but Plaintiff was transferred to another

25  facility before he could do so.

26           Though Plaintiff's frustration with this situation is apparent and understandable, as

27

28  [1] Prior to obtaining this treatment, Plaintiff was involved in an altercation with prison staff that is not the subject of this action.

1  discussed below, it does not suffice to state a cognizable claim for violation of Plaintiff's civil

2  rights under 42 U.S.C. § 1983.

3  **C.      Inmate Appeals**

4  "[A prison] grievance procedure is a procedural right only, it does not confer any

5  substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing

6  *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d

7  850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a

8  specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of

9  grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640

10  (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the

11  procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis,* 568 F.

12  Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

13  Actions in reviewing prisoner's administrative appeal cannot serve as the basis for

14  liability under a § 1983 action.  *Buckley*, 997 F.2d at 495.  The argument that anyone who knows

15  about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is

16  not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling

17  against a prisoner on an administrative complaint does not cause or contribute to the violation.  A

18  guard who stands and watches while another guard beats a prisoner violates the Constitution; a

19  guard who rejects an administrative complaint about a completed act of misconduct does not."

20  *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) citing *Greeno v. Daley*, 414 F.3d 645,

21  656-57 (7th Cir.2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*,

22  97 F.3d 987, 992-93 (7th Cir.1996).

23  Because he has neither a liberty interest nor a substantive right in inmate appeals, he is

24  unable to state a constitutional violation against S. Serda and J. Lewis for their processing or

25  handling of his appeals.  Further, "[o]nce a [non-medical] prison grievance examiner becomes

26  aware of potential mistreatment, the Eighth Amendment does not require him or her to do more

27  than 'review [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner]

28  was receiving treatment.' " *Greeno*, 414 F.3d at 656 citing *Spruill v. Gillis*, 372 F.3d 218, 236

3

1   (3rd Cir. 2004) (non-physician defendants cannot "be considered deliberately indifferent simply

2   because they failed to respond directly to the medical complaints of a prisoner who was already

3   being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a

4   non-medical prison official will generally be justified in believing that the prisoner is in capable

5   hands.")  This Court concurs with the analysis in *Greeno* and *Spruill*.  Thus, S. Serda and J.

6   Lewis, who are non-medical prison personnel, cannot be held liable for their involvement in

7   processing and/or ruling on inmate appeals for medical issues where, as here, the inmate is under

8   the care of a physician for the issues raised.

9   <u>**ORDER**</u>

10       The Complaint does not state a cognizable claim against either Defendant for their

11   involvement in the processing and procedural rejection of Plaintiff's health care appeals.  Given

12   that this is not a basis for a cognizable claim, Plaintiff need not be granted leave to amend as the

13   defects in his pleading are not capable of being cured through amendment.  *Akhtar v. Mesa*, 698

14   F.3d 1202, 1212-13 (9th Cir. 2012).

15       Accordingly, the Court **ORDERS** that the Complaint is **DISMISSED** with prejudice and

16   the Clerk of the Court is directed to close the action.

17

18   IT IS SO ORDERED.

19   Dated:   __**July 24, 2017**__                    _____**/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28